USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 14, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DEAN HANNIFORD, :
:
Plaintiff, :
:
-v- : 17-cv-4166 (KBF)
:
COUNTY OF DUTCHESS, OFFICER ERIC D. : OPINION & ORDER
HARRIS, in his individual capacity, :
:
Defendants. :
:
------------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On June 4, 2017, plaintiff Dean Hanniford filed a lawsuit under 42 U.S.C. § 1983 alleging false arrest, malicious prosecution, and violations of his Fourth and Fourteenth Amendment rights as well as his right to due process. (Compl., ECF No. 1.) Pending before the Court is a motion to dismiss filed by defendant County of Dutchess ("defendant" or "County") pursuant to Rule 12(b)(6). (Mot. Dismiss, ECF No. 30.)

Plaintiff's Complaint rests entirely on his assertion that the "charge of Burglary was brought against Plaintiff for the sole purpose of preventing Plaintiff from posting bail." (Compl. ¶ 28.) In other words, he contends that no probable cause existed for his burglary arrest on April 22, 2016. However, the facts included in defendant's exhibits—which plaintiff agrees are incorporated by reference in the Complaint—support probable cause for that charge. (See Mem. Opp. at 4, 7 (stipulating to most of the facts in defendant's memorandum and to defendant's

exhibits B, C, and D).) Plaintiff was found on April 8, 2016 with stolen jewelry; six days later, he was identified by a burglary victim as having been at her house the day before the burglary took place. The same jewelry reported as stolen in March was identified by the victim in April; the identified jewelry was that which plaintiff Hanniford was found with on April 8, 2016. This evidence, undisputed by plaintiff, provides a sufficient basis for the burglary charge. (Id. ¶ 28.) Accordingly, defendant's motion is GRANTED.

I. BACKGROUND

The factual allegations below are drawn from plaintiff's Complaint, (ECF No. 1), as well as three documents produced by defendant, (Mem. Supp., Ex. B, Ex. C, Ex. D).[1] They are presumed true for purposes of this motion.

On June 17, 2015, plaintiff was arraigned in Dutchess County for criminal possession of a weapon. (Compl. ¶ 11.) He posted bond and was released several months later, on February 3, 2016. (Id.)

On March 17, 2016, while plaintiff was out on bail, a burglary occurred in the County. (Mot. Dismiss, Ex. D., at E1.) That day, the victim of the burglary filed a complaint alleging that her house had been burglarized; her complaint listed nine items that had been stolen, including a wedding ring and a diamond and sapphire necklace and earring set. (Id. at E1-E2.) A few weeks later, on April 8, 2016,

---

[1] Plaintiff's memorandum in opposition to the instant motion "stipulat[es] to the incorporation of the documents because the documents actually help Plaintiff's case herein, and we were not in possession of them at the time the Complaint was filed." (Mem. Opp. at 7.) Plaintiff also "stipulate[s] to the facts in Dutchess County's . . . Memorandum" except for two sentences which are immaterial to the Court's analysis here. (Id. at 4.)

plaintiff was arrested again and charged with two new felonies: criminal possession of stolen property and of a controlled substance. (Compl. ¶ 12.) The stolen property included a diamond and sapphire necklace and earring set, as well as a wedding ring. (Mot. Dismiss, Ex. D., at E4.) On April 11, 2016, and as a result, the county court increased the amount of the bond needed to post bail for plaintiff. (Compl. ¶ 13.) A bail source hearing was scheduled for April 22, 2016. (Id.)

Meanwhile, on April 14, 2016, the burglary victim saw plaintiff's picture in the local newspaper; she went to the police and identified plaintiff as "the person that was in [her] house on March 16, 2016, the day before the burglary." (Mot. Dismiss, Ex. D., at E4.) Her statement noted that "Investigator Harris . . . informed [her that the] jewelry was found in the vehicle Hanniford was a passenger in. He directed [her] to contact SP Cortlandt to verify that jewelry as [hers], which [she] recognized." (Id.) She proceeded to identify her "diamond wedding band, [her] sentimental ring purchased with [her] daughter in Florida, [valued at] ~$40, [her] sapphire and diamond set in platinum purchased as a gift for [her] from [her] husband—a necklace and earring set valued at more than $3000." (Id.)

Before the bail source hearing on Friday, April 22, 2016, defendant Harris filed another complaint against plaintiff—this time for burglary in the second degree—and a warrant was issued. (Compl. ¶ 14; Mot. Dismiss, Ex. B. ("Hearing Tr."), at 17:3-8; id., Ex. 4 at E2.) At the hearing, plaintiff was arraigned on the burglary charge. (Hearing Tr. at 9:7-15.) Over the defendant's vulgar objections referring to the judge as "the devil" and exclaming "I spit in your fucking face. Fuck

3

you acting like you tough in a fucking robe," the judge set bail on the burglary charge at $200,000 cash or a $400,000 bond, an amount plaintiff asserts he could not meet. (Id. at 17-18; see also Compl. ¶ 17.) Three days later, on Monday, April 25, 2016, plaintiff pled guilty to the pre-existing weapons charge in an agreement that provided for a five-year term of imprisonment. Thus, as of April 25, 2016, plaintiff commenced serving his sentence and the bail issues were essentially moot. (Mem. Supp., Ex. C, at 28:3.)

On November 15, 2016, the County moved to reduce the burglary charge to petit larceny. (Compl. ¶ 18.) A week later, on November 22, 2016, the County then moved to dismiss the outstanding criminal charges; that motion was ultimately granted on December 20, 2016. (Id. ¶¶ 19-20.) In a written decision explaining why he agreed to dismiss the charge, the town justice wrote that "any sentence that Defendant might serve if convicted of [petit larceny] would merge with his prison sentence on the weapons indictment as a matter of law." (Konan Decl., ECF No. 34, Ex. 1 at 5.) He also noted that the "evidence that Defendant committed the burglary is also entirely circumstantial, whereas the possession of stolen property charges pending in Putnam County are based upon direct evidence." (Id.)

II. LEGAL PRINCIPLES

    A. Pleading Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a

4

plaintiff must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying that standard, the Court accepts as true all well-pled factual allegations, but it does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id. Furthermore, the Court will give "no effect to legal conclusions couched as factual allegations." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). If the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate. Twombly, 550 U.S. at 570.

B. <u>Probable Cause as an Absolute Defense</u>

The presence of probable cause is an absolute defense to claims of false arrest and malicious prosecution.[2] See <u>Manganiello v. City of New York</u>, 612 F.3d 149, 161-62 (2d Cir. 2010) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ." (quoting <u>Savino v. City of New York</u>, 331 F.3d 63, 72 (2d Cir. 2003) (alteration in original)); <u>Jaegly v. Couch</u>, 439 F.3d 149, 154 (2d Cir. 2006) ("We thus hold . . . that a plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause."). Similarly, it serves as a defense to claims of Fourth and Fourteenth Amendment violations, as well as violations of due process rights, when those claims rest upon an alleged lack of probable cause for an arrest. See <u>Abramson v. Pataki</u>, 278 F.3d 93, 99 (2d Cir. 2002) ("To survive a motion to dismiss, a due process claim under section 1983 must allege the deprivation of a

---

[2] Plaintiff alleges false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 21-76.) A § 1983 false arrest claim is substantially the same as a claim of false arrest under New York law. <u>See, e.g.</u>, <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996). Under New York law, a plaintiff claiming false arrest must show that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged." <u>Ackerson v. City of White Plains</u>, 702 F.3d 15, 19 (2d Cir. 2012) (citing <u>Broughton v. State of New York</u>, 335 N.E.2d 310 (N.Y. 1975)). "An arrest is privileged when it is made pursuant to a warrant valid on its face, or when it is based on probable cause." <u>Okoroafor v. City of New York</u>, No. 07-cv-9387, 2013 WL 5462284, at *3 (S.D.N.Y. Sept. 25, 2013) (internal quotation marks and citations omitted).

To state a claim for malicious prosecution under § 1983, a plaintiff must allege malicious prosecution under state law along with a post-arraignment deprivation of liberty sufficient to implicate his Fourth Amendment rights. See <u>Jocks v. Tavernier</u>, 316 F.3d 128, 136 (2d Cir. 2003); <u>Conway v. Vill. of Mount Kisco</u>, 750 F.2d 205, 214 (2d Cir.1984). Under New York law, a claim for malicious prosecution requires proof of the following elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." <u>Jocks</u>, 316 F.3d at 136 (internal quotation marks and citation omitted).

constitutionally protected interest." (citing Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth., 23 F.3d 636, 639 (2d Cir. 1994))); Rodriguez v. City of New York, 41 F. App'x 486, 489 (2d Cir. 2002) (noting that a § 1983 claim for false arrest "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause" (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

Probable cause exists "when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Manganiello, 612 F.3d at 161; see also Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007) (laying out the same standard).[3] Whether probable cause existed at the time of arrest can be determined as a matter of law only if "no dispute as to the pertinent events and the knowledge of the officers." Weyant, 101 F.3d at 852.

III. DISCUSSION

In the instant action, Plaintiff makes four allegations under 42 U.S.C. § 1983: false arrest (Claim I); malicious prosecution (Claim II); Fourth and Fourteenth Amendment violations for "permitting and tolerating a practice of charging an accused with [a] crime without probable cause in order to prevent the accused from

---

[3] For the warrant issued here, the officer must have had probable cause to believe that the person was guilty of burglary in the second degree, which, as relevant here, requires that the defendant "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein, and when . . . the building is a dwelling." N.Y. Penal Law § 140.25 (2017).

7

posting reasonable bail," (Claim III); and a due process violation for substantially the same reason (Claim IV). (See generally Compl.) All of these claims fail because probable cause existed for plaintiff's arrest on a charge of burglary in the second degree.

Here, the burglary victim recognized plaintiff's photo in the paper and noted that he had been in her house—a dwelling—the day before the robbery. (Mem. Supp., Ex. D.) Additionally, according to the witness statement (which plaintiff does not dispute), the police had found defendant in a car with her stolen jewelry. (Id. at E4; Mem. Opp. at 4.) This certainly suffices as "trustworthy information" that the defendant had committed second degree burglary.

Defendant asserts that the dismissal of the charges for burglary in the second degree and petit larceny is evidence that defendant Harris filed the burglary charge only to prevent plaintiff from posting bail on April 22, 2016. (Compl. ¶ 28.) However, the defendant's showing of probable cause for plaintiff's arrest demonstrates that this was not the case. Charges can be dismissed for any number of reasons, such as potential merger. (See Konan Decl. at 5.) The dismissal of a charge by no means indicates that it was unfounded in the first place. See Hygh v. Jacobs, 961 F.2d 359, 368 (2d Cir. 1992) ("A dismissal 'in the interest of justice' is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered. . . . Consequently, as a matter of law, it cannot provide the favorable termination required as the basis for a claim of malicious prosecution." (internal citations omitted)).

In all events, there are no plausible facts demonstrating malicious or willful action on the part of Officer Harris or the prosecutor, Sara Thompson. As plaintiff's claims depend entirely on an assertion that defendants harbored actual malice, his claims additionally fail for this reason. See Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010) ("To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." (internal quotation omitted)); see also Hunter v. Bryant, 502 U.S. 224, 229 (1991) ("The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." (internal quotation omitted)).

In any case, defendant has a defense to all four of plaintiff's claims, as probable cause existed for the burglary charge.

IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. Additionally, the plaintiff's pending motion to amend his complaint is DENIED, as the proposed amended complaint would not affect this Court's analysis of the motion to dismiss.[4]

---

[4] Rule 15(a)(2) provides that leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

The Clerk of Court is directed to terminate the pending motions at ECF Nos. 30 and 33 and to terminate defendant County of Dutchess.

Finally, the Court notes that, while defendant Harris has not moved under Rule 12(b), it sees no reason as to why the Complaint should not be dismissed as to Harris. The Court sua sponte solicits from Harris a letter as to whether he would like to move under Rule 12(c). If so, he should notify the Court within **seven days** of this Opinion's issuance. Plaintiff then has **seven days to respond** with any additional material.

SO ORDERED.

Dated: New York, New York
November 14, 2017

_____
KATHERINE B. FORREST
United States District Judge

---

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "[A] futile request to replead should be denied." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

In light of the deficiencies identified in plaintiff's Complaint and proposed amended complaint, the Court does not believe plaintiff can adequately allege a viable constitutional claim for arrest without probable cause.

10